IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ALAI PENE KOLOI, | ) | CIVIL NO. 13-00252 LEK-RLP |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| DEPARTMENT OF THE ARMY, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S
FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S
APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES
AND ORDER ADOPTING THE FINDINGS AND RECOMMENDATION**

On May 21, 2013, the magistrate judge filed his Findings and Recommendation to Deny Plaintiff's Application to Proceed Without Prepayment of Fees ("F&R"). [Dkt. no. 6.] On June 10, 2013, pro se Plaintiff Alai P. Koloi ("Plaintiff") filed his objections to the F&R ("Objections").[1] [Dkt. no. 9.] The Court finds this matter suitable for disposition without a hearing pursuant to Rules LR7.2(d) and LR74.2 of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). After careful consideration of the

---

[1] Plaintiff filed his Objections beyond the deadline to object to the F&R, and this Court previously issued an order adopting the F&R on June 7, 2013. [Dkt. no. 7.] After Plaintiff filed his Objections, this Court vacated that order and stated that it would consider the untimely Objections because Plaintiff is pro se and he resides in American Samoa. [Dkt. no. 8.] On August 8, 2013, the Clerk's Office received a notice that Plaintiff will be staying in Alaska for two to three months. [Dkt. no. 13.]

Objections and the relevant legal authority, the Court HEREBY DENIES Plaintiff's Objections and ADOPTS the magistrate judge's F&R for the reasons set forth below.

## BACKGROUND

Plaintiff filed this action on May 17, 2013.  Pursuant to an order by this Court, Plaintiff filed an Amended Complaint on August 8, 2013.  [Dkt. nos. 10 (EO), 14 (Amended Complaint).]

Plaintiff states that, on or about July 22, 2005, he was injured in Iraq while on active duty with the United States Army.  He was discharged from active duty on or about November 6, 2006.  Plaintiff seeks administrative review of a disability ratings decision by the Director of the Army Review Boards Agency ("Director").  The Director adopted the recommendation of the Physical Disability Review Board to modify Plaintiff's disability rating from ten percent to a combined rating of twenty percent. Plaintiff asks this Court to reverse the Director's ruling and to find that Plaintiff has a combined disability rating of thirty-five percent.  Plaintiff also seeks compensatory damages of $10,000.00, pre-judgment and post-judgment interest, and any other appropriate relief.

**I.   Application and F&R**

On May 17, 2013, Plaintiff filed an Application to Proceed in District Court Without Prepaying Fees or Costs ("Application").  [Dkt. no. 3.]  The Application notes the

following monthly expenses: two vehicle loan payments totaling $1,076.00; utilities - $680.00; "Military Star Card" payment - $400; medical insurance - $305.00; two loan payments totaling $500.00; and Hawaiian Tel - $400.00.  [Id. at 2.]  The Application also states that Plaintiff contributes $400.00 monthly to the support of three grandchildren and $200.00 monthly to the support of his son.  [Id.]

In the F&R, the magistrate judge found that, based upon the information submitted by Plaintiff in his Application, Plaintiff's income exceeds the $31,710.00 poverty threshold for a family of five in Hawai`i.  [F&R at 3 (citing Annual Update of the HHS Poverty Guidelines, 78 Fed. Reg. 5182–01 (Jan. 24, 2013)).]  The magistrate judge noted that Plaintiff had an annual income of $48,624.00 ($4,052.00 per month), and approximately $3,360.00 per month in expenses.  [Id. at 2-3.]  As such, the magistrate judge found that Plaintiff does not qualify as a person who is unable to pay or give security for court fees pursuant to 28 U.S.C. § 1915(a)(1), and recommended that Plaintiff's Application be denied.  [Id. at 3.]

**II.  Objections**

Plaintiff objects to the F&R.  He acknowledges that the magistrate judge's findings regarding his annual and monthly income are correct, but he argues that the magistrate judge erred in determining his monthly expenses.  Plaintiff asserts that his

monthly expenses, as listed on the Application, are actually $3,951.00.[2] This leaves him with only $106.00 to spend on gas, and he "depend[s] on [his] wife's bi-weekly to survive [their] family." [Objections at 1.]

**STANDARD**

When a party objects to a magistrate judge's findings or recommendations, the district court must review *de novo* those portions to which the objections are made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); see also United States v. Raddatz, 447 U.S. 667, 673 (1980); United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." (emphasis omitted)).

Under a *de novo* standard, a district court reviews "the matter anew, the same as if it had not been heard before, and as if no decision previously had been rendered." Freeman v. DirecTV, Inc., 457 F.3d 1001, 1004 (9th Cir. 2006) (citation omitted); see also United States v. Silverman, 861 F.2d 571, 576 (9th Cir. 1988). The district court need not hold a *de novo*

---

[2] The magistrate judge apparently did not include the $400.00 to support Plaintiff's grandchildren and the $200.00 to support Plaintiff's son in the $3,360.00 total of monthly expenses.

hearing; however, it is the court's obligation to arrive at its own independent conclusion about those portions of the magistrate judge's findings or recommendation to which a party objects. United States v. Remsing, 874 F.2d 614, 616 (9th Cir. 1989).

"[I]n providing for a 'de novo determination' rather than *de novo* hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations." Raddatz, 447 U.S. at 676 (emphasis in original) (citation omitted); accord Holder v. Holder, 392 F.3d 1009, 1022 (9th Cir. 2004) (citing Raddatz). Pursuant to Local Rule 74.2, this Court "may consider the record developed before the magistrate judge," but the Court must make its "own determination on the basis of that record."

## **DISCUSSION**

Plaintiff objects to the magistrate judge's F&R on the basis that he cannot afford to pay the fees associated with the filing of this action. This Court may authorize the commencement of an action without the prepayment of fees by a person who submits an affidavit that the person is unable to pay such fees pursuant to 28 U.S.C. § 1915(a)(1). "[A]n affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself and dependents with the necessities of life."

5

Adkins v. E.I. Du Pont de Nemours & Co., 335 U.S. 331, 339 (1948) (some alterations in original) (internal quotation marks omitted).

In determining whether to grant an application to proceed without prepayment of fees, this district court looks at whether the applicant's yearly income surpasses the poverty threshold.  See, e.g., What v. Honolulu Police Dep't, No. CV 13-00373 HG-RLP, 2013 WL 4482444, at *1 (D. Hawai`i Aug. 20, 2013); Ayres v. Obama, Civil No. 13-00371 SOM/RLP, 2013 WL 4047107, at *2 (D. Hawai`i Aug. 8, 2013); Bylsma v. Haw. Pub. Hous. Auth., Civil No. 13-00228-LEK-RLP, 2013 WL 2947905, at *2 (D. Hawai`i June 13, 2013).  The magistrate judge was correct that Plaintiff's annual income exceeds the poverty threshold for a five-person family living in Hawai`i, as set forth in the Department of Health and Human Services ("HHS") 2013 Poverty Guidelines.  See Annual Update of the HHS Poverty Guidelines, 78 Fed. Reg. 5182-01 (Jan. 24, 2013).  This Court also notes that, according to the Objections, Plaintiff's family also includes his wife.  Plaintiff's annual income also exceeds the poverty threshold of $36,330.00 for a six-person family in Hawai`i.

Even assuming *arguendo* that the magistrate judge should have included the $600.00 that Plaintiff contributes to the support of his son and grandchildren in Plaintiff's monthly expenses, the fact remains that Plaintiff's income is well above

6

the poverty threshold.  The Court acknowledges that Plaintiff's numerous monthly expenses and his stated debts consume much of his monthly income, and the Court is sympathetic to his arguments.  Nevertheless, Plaintiff has not established that he cannot both pay the costs of litigating this case "and still be able to provide himself and dependents with the necessities of life."  See Adkins, 335 U.S. at 339 (internal quotation marks omitted).

  The Court also notes that Plaintiff states in the Objections that his wife contributes bi-weekly income to their family's support.  Plaintiff, however, did not specify the amount of his wife's income.  This additional income provides further support for the denial of Plaintiff's Application because "plaintiffs are charged with income to which they have access, such as their spouse's income or other household income, when determining applications to proceed in forma pauperis."  Crawford v. Kern Cnty. Sch. Dist., Civ. No. 10-0425, 2010 WL 1980246, at *2 n.1 (E.D. Cal. May 12, 2010) (citations omitted).[3]

  The Court therefore DENIES Plaintiff's Objections to the F&R.

## CONCLUSION

---

[3] 2010 WL 1980246 is the magistrate judge's Findings and Recommendations Denying Plaintiffs' Motions to Proceed in Forma Pauperis and Ordering the Complaint to Be Dismissed with Leave to Amend.  The district judge adopted the findings and recommendations.  2010 WL 2555637 (E.D. Cal. June 21, 2010).

On the basis of the foregoing, the Court HEREBY DENIES Plaintiff’s Objections, filed June 10, 2013, and ADOPTS the magistrate judge’s Findings and Recommendation to Deny Plaintiff’s Application to Proceed Without Prepayment of Fees, filed May 21, 2013.

The Court ORDERS Plaintiff to pay the appropriate filing fee by no later than **October 21, 2013**. The Court CAUTIONS Plaintiff that, if he fails to pay the filing fee by that date, this action will be automatically dismissed.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, September 6, 2013.

/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**ALAI PENE KOLOI VS. DEPARTMENT OF THE ARMY; CIVIL NO. 13-00252 LEK-RLP; ORDER DENYING PLAINTIFF’S OBJECTIONS TO THE MAGISTRATE JUDGE’S FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF’S APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND ORDER ADOPTING THE FINDINGS AND RECOMMENDATION**